## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

| | | |
|---|---|---|
| **THOMAS LEE HOOPER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-06-CV-011-LY** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.[1]** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Petitioner's Brief in Support of Petition (Document 2); and Respondent's Answer (Document 16). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

---

[1]The previous named respondent in this action was Doug Dretke. On June 1, 2006, Nathaniel Quarterman succeeded Dretke as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Quarterman is automatically substituted as a party.

## STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 21st Judicial District Court in Bastrop County, Texas, in cause number 75,225, styled The State of Texas v. Thomas Lee Hooper.   Ex parte Hooper, Appl. No. 63,145-01 at 6-7.  Petitioner was charged with aggravated robbery with a deadly weapon and entered a guilty plea on September 19, 1983. Id. at 7.  On October 31, 1984, the court sentenced Petitioner to fifteen years imprisonment. Id. Petitioner was released on parole on January 16, 1989, but his parole was revoked on September 24, 1997, for driving while intoxicated.  Id. at 33. Petitioner was released on mandatory supervision on August 3, 2000, but it was revoked on June 21, 2004. Id.

Petitioner does not challenge his holding conviction.  Rather, Petitioner challenges the manner in which his sentence is being carried out.  On October 7, 2004, Hooper filed a complaint with the Texas Department of Criminal Justice's Classification Division, regarding his time calculation while on parole and mandatory supervision.  Ex parte Hooper, Appl. No. 63,145-01 at 24.  Dissatisfied with the result, on April 27, 2005, Petitioner filed a state application for writ of habeas corpus challenging the denial of his street time.  Id. At 27.  On November 16, 2005, the Texas Court of Criminal Appeals denied the application without written order.  Id. at cover.  Petitioner executed his federal application for habeas corpus relief on January 5, 2006.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      Petitioner was denied credit for time spent on parole and mandatory supervision, in violation of his due process rights and state legislative mandate; and

2.      Petitioner's sentence was illegally altered and extended in violation of his right to due process.

**C.      Exhaustion of State Court Remedies**

Respondent contests that Petitioner has exhausted his state court remedies regarding the claims brought in this application. Specifically, Respondent alleges Petitioner did not exhaust his first claim because he failed to raise the federal Fourteenth Amendment argument in his state application. Relying on Wilder v. Cockrell, Respondent also argues Petitioner has not exhausted his second claim because he makes only a fleeting, general reference to the federal constitution. Wilder v. Cockrell, 274 F.3d 255, 260 (5th Cir. 2001).

## DISCUSSION AND ANALYSIS

**A.      Procedural Default**

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to, " pass upon and correct alleged violations of its prisoners' federal rights." See Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995) (per curiam)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim. Duncan v. Henry, 513 U.S. at 365-366, 115 S. Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999). The burden is on the petitioner to raise his federal claim in the state courts at a time when state procedural law permits its consideration on the merits, even if the state court could have

identified and addressed the federal question without its having been raised.  Bell v. Cone, 543 U.S. 447, 451, 125 S. Ct. 847, 851, n. 3 (2005).

In this case, Petitioner has failed to meet that burden with respect to his first claim.  He raised his claim for denial of credit for time spent on parole and mandatory supervision in his application for state habeas corpus relief, but alleged only a violation of Texas law, not the United States Constitution's Fourteenth Amendment right to due process.  As such, Petitioner has raised a new federal ground for his claim in his federal application which he did not fairly present to the state court in his state application.  Therefore, Petitioner's first claim to the extent he raises a due process claim is unexhausted.

A subsequent state application for habeas corpus on Petitioner's unexhausted issue would be futile as it would be denied pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ.  When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case.  Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991).  In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief.  Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043 (1989).  Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred.  Coleman, 501 U.S. at 735, 111 S. Ct. at 2557.  The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would

now find those claims to be procedurally barred.  Id. at n.1.  However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice.  Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996), citing Coleman, 501 U.S. at 750, 111 S. Ct. 2565, cert. denied, 519 U.S. 1093, 117 S. Ct. 773 (1997).

Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claim would result in a miscarriage of justice.  Therefore, Petitioner is barred from raising his unexhausted claim.

With respect to Petitioner's second claim, this Court rejects Respondent's contention that Petitioner has failed to exhaust his claim in state court.  Respondent maintains Petitioner's state court claim makes only a fleeting reference to a violation of federal law, which, under Wilder v. Cockrell, is not specific enough to exhaust claims at the state court level.  Wilder v. Cockrell, 274 F.3d 255, 260 (5th Cir. 2001).  However, contrary to Respondent's characterization, Petitioner has specifically alleged the federal bases for his claim of illegal extension and alteration of his sentence in Attachment C of his Memorandum of Facts submitted with his state application.  Petitioner states,

> Although [the] U.S. Constitution does not guarantee any right to good conduct time credit, once the state provides such a right it is sufficiently embraced within the Fourteenth Amendment [sic] "liberty" to entitle [the] convict[ed] to minimum procedures appropriate under the circumstances and required by Due Process clause to insure that such created right is not arbitrarily abrogated.

Ex parte Hooper, Appl. No. 63,145-01 at 23.  The Court is of the opinion that Petitioner has sufficiently presented the federal nature of his claim as required under Duncan v. Henry and Bell v. Cone.  Thus, Petitioner's second claim is exhausted.

**B.      The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[2] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254.  Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)).   The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court.   See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts.   Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

---

[2] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts.  See 28 U.S.C. § 2254(e)(1).   While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence.   See id.  Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings.   See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

## C.    Denial of Time Credit

In his first ground for relief, Petitioner argues that he was denied credit for time spent on parole and mandatory supervision, in violation of state law and his federal due process rights. Despite Petitioner's procedural default of his federal claim, this Court finds his claim without merit.

Petitioner bases his claim for entitlement to good time credit on Ex parte Mabry, 137 S.W.3d 58 (Tex. Crim. App. 2004).   In that case, the Texas Court of Criminal Appeals interpreted the amendments to § 508.283(c) of the Texas Government Code, which provides for street-time credits for those persons other than a person described by § 508.149(a) of the Code.  See TEX. GOV'T CODE ANN. §§ 508.149(a) and 508.283(c). For Petitioner to qualify as a person described by Texas Government Code § 508.283(c) as entitled to street time credit, he must fit two criteria.  First, Petitioner must have been eligible for parole or mandatory supervision at the time of his conviction. Second, his conviction must not be described by Texas Government Code § 508.149(a).  Petitioner's 1983 conviction for aggravated robbery renders him eligible for mandatory supervision under the law in effect at the time of his conviction.  TEX. CODE CRIM. PROC. ANN. Art. 42.12 § 15c.  However, Petitioner's 1983 conviction is listed in Texas Government Code § 508.149(a).  TEX. GOV'T CODE

ANN. § 508.149(a).  As such, this listing makes Petitioner a person described by § 508.149(a) at the time of revocation.  Therefore, Petitioner is not entitled to street time credits under Texas Government Code § 508.283(c).  TEX. GOV'T CODE ANN. § 508.283(c).  H a v i n g independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, Petitioner's claim does not warrant federal habeas relief.

**D.      Illegal Extension and Alteration of Sentence**

In his second ground for relief, Petitioner argues that his sentence was illegally altered and extended in violation of his right to due process.  Petitioner raised this same issue in his state application for habeas corpus relief.  The Texas Court of Criminal Appeals rejected the merits of Petitioner's claim.

The law in this Circuit firmly establishes that time spent on parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory supervision violator returned to prison.  The courts have consistently held that by violating parole a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole.  See Cortinas v. United States Parole Comm'n, 938 F.2d 43 (5th Cir. 1991); Munguia v. United States Parole Comm'n, 871 F.2d 517, 521 (5th Cir. ), cert. denied, 493 U.S. 856, 110 S. Ct. 161 (1989); United States v. Newton, 698 F.2d 770, 772 (5th Cir. 1983); Starnes v. Cornett, 464 F.2d 524 (5th Cir.), cert. denied, 409 U.S. 987, 93 S. Ct. 341 (1972); Betts v. Beto, 424 F.2d 1299 (1970).  Thus, Petitioner has no federal constitutional right to reduction of his sentence for time spent on parole or mandatory supervision.  Additionally, the Court notes parole and mandatory supervision conditions are not additional to, but part of, the original sentence.  See Coronado v. United States Board of Parole, 540

8

F.2d 216, 218 (5th Cir. 1976); Sturgis v. United States, 419 F.2d 390 (5th Cir. 1969).  Petitioner does not allege he is being forced to serve more than his fifteen-year sentence.  Petitioner violated the terms of his supervision, and as a result, lost any credit for the time he spent on parole or mandatory supervision.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, Petitioner's claim does not warrant federal habeas relief.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 3rd day of July, 2006.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE